IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| REAGAN PEREZ, CAROLYN MELODY, ANASTASIA BYRNE, GEORGIA BROWN, REGAN JACKSON, MACEY DUNN, BROOKE HARNISCH, DELILAH STABERG, MEILIN LEMIS, GRACE HINTON, ALEXA KIRSCHNER, EMMA PEREZ, MORGAN SAYLORS, AVA DECOOPER WRIDE, SAMANTHA AGOSTIN, MELANIE SANCHEZ, ANNA WRIGHT, LAYLA COX, MCKENZIE KROEGER, AVA THAYER, SORYAH HART, EMILY HARTMAN, and CASSY LEWANDOWSKI, Individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br>v.<br><br>QUINNIPIAC UNIVERSITY, QUINNIPIAC UNIVERSITY BOARD OF TRUSTEES, MARIE HARDIN, and GREG AMODIO,<br><br>Defendants. | Civil Action<br><br>Case No. 3:26-cv-00898<br><br>**EXPEDITED RELIEF REQUESTED**<br><br>June 5, 2026<br><br>***Oral Argument Requested*** |

**MOTION FOR TEMPORARY RESTRAINING ORDER (ON NOTICE) AND PRELIMINARY INJUNCTION**

1. The Plaintiffs in the accompanying complaint, by their undersigned attorneys and pursuant to Fed. R. Civ. P. 65, hereby move this Court for the entry of a temporary restraining order and preliminary injunction against Quinnipiac University, Quinnipiac University Board of Trustees, Marie Hardin, and Greg Amodio (collectively, "QU" or "Defendants").

2. Plaintiffs seek emergency injunctive relief to preserve the status quo and prevent Defendants from eliminating, suspending, downgrading, defunding, or otherwise discontinuing the women's varsity rugby program, or from taking further retaliatory action against the women's rugby team or any other female student-athletes or female varsity programs because Title IX concerns were raised regarding QU's treatment of female athletes. Plaintiffs also seek emergency

injunctive relief to prevent Defendants' ongoing intentional, willful, and deliberately indifferent sex discrimination, including the elimination of the women's varsity rugby program and the resulting deprivation of Division I varsity status, team membership, competition, coaching, training, institutional support, athletic opportunities, and other benefits associated with varsity participation.

3. Plaintiffs seek the issuance of an immediate temporary restraining order and preliminary injunction directed to QU, its agents, officers, directors, trustees, employees, and anyone acting in concert with it, as follows:

a) restraining Defendants from eliminating, suspending, downgrading, defunding, or otherwise discontinuing the women's varsity rugby team or any other women's varsity team;

b) restraining Defendants from retaliating against the women's varsity rugby team, any other women's varsity team, their student-athletes, or any person associated with those teams because Title IX concerns, complaints, or objections were raised by the team, individual student-athletes, the rugby coach, and/or others regarding QU's treatment of female student-athletes; and

c) restraining Defendants from taking any action that would chill, deter, discourage, or punish Plaintiffs, proposed class members, coaches, or other students or administrators from raising, supporting, participating in, or pursuing Title IX complaints or this litigation.

4. In support of this motion, Plaintiffs rely on the accompanying Verified Complaint, Declarations of Plaintiffs (Exs. 2–24), the Declaration of Attorney Brown (Ex. 1), and a Memorandum of Law. Plaintiffs state that, as set forth in the Memorandum of Law, the Plaintiffs

and members of the proposed certified class are suffering and will continue to suffer irreparable injury in the absence of a preliminary injunction; the Plaintiffs are likely to succeed on the merits of their claims (or, in the alternative, there are fair grounds for dispute concerning the merits of Plaintiffs' claims and the balance of hardships tips decidedly in their favor); and an immediate preliminary injunction order is necessary to prevent further irreparable harm.

5. This motion is directed to QU's retaliatory elimination of the women's rugby team after protected Title IX activity by the team, individual student-athletes, the rugby coach, and/or others regarding QU's treatment of female athletes. This motion is also directed to QU's intentional, willful, and deliberately indifferent discrimination in eliminating the women's varsity rugby program and deliberately depriving female student-athletes of equal access to the varsity benefits, treatment, services, resources, opportunities, and support QU provides through Division I athletics, including benefits and resources preserved or prioritized for male student-athletes.

6. Plaintiffs provided Defendants notice of their intention to seek emergency injunctive relief on May 21, 2026. *See* Ex. 1, Declaration of Attorney Brown.

7. Plaintiffs respectfully request that this matter be scheduled for a prompt hearing, and that such hearing be held so that the funded varsity status of the QU women's rugby program may be preserved pending adjudication of Plaintiffs' Title IX retaliation and intentional discrimination claims by June 18, 2026.

8. In support of this request for a prompt hearing, Plaintiffs state that the elimination of the women's rugby team as a QU-funded intercollegiate athletic varsity team will punish protected Title IX advocacy and chill future complaints by Plaintiffs, team members, coaches, witnesses, and other students who reasonably fear that raising Title IX concerns may result in

retaliation or the loss of athletic opportunities. Such discrimination, retaliation, and chilling effect constitute irreparable harm.

9. Plaintiffs will be further irreparably harmed emotionally, psychologically, academically, and athletically by being deprived of the opportunity to compete for QU as varsity rugby student-athletes and by having their reasonable expectations of continued varsity competition, coaching, training, team membership, and institutional support undermined by Defendants' unlawful action. Only if Plaintiffs' motion can be heard and decided promptly will there be any prospect to preserve the women's rugby program and prevent the retaliatory elimination of the team before the upcoming season is lost.

10. Only if Plaintiffs' Motion can be heard and decided by June 18, 2026, will there be any prospect to salvage the upcoming seasons for QU rugby.

11. Plaintiffs respectfully request that the Court waive the security requirement under Fed. R. Civ. P. 65(c), or alternatively require only nominal security, because this action seeks to vindicate important statutory civil rights, Plaintiffs are student-athletes seeking to preserve the status quo, and Defendants will not suffer compensable monetary harm from maintaining the women's rugby program and refraining from retaliation pending adjudication of Plaintiffs' claims.

## Prayer for Relief

WHEREFORE, Plaintiffs respectfully request that this Motion be granted, and a hearing be set on the Motion by June 18, 2026.

Dated: June 5, 2026

Respectfully Submitted,

*/s/ Christine D. Brown*

**CHRISTINE BROWN & PARTNERS, LLC**
Christine D. Brown
Federal Bar No. 20790
Ben LaCourse
*Pro Hac Vice Admission Application Pending*
1700 East Putnam Avenue, Suite 400
Old Greenwich, Connecticut 06870
Telephone: (203) 684-1834
christine@christinebrownsportslaw.com
ben@christinebrownsportslaw.com

**BULLOCK LAW PLLC**
Lori Bullock
*Pro Hac Vice Admission Application Pending*
309 E 5th St., Suite 202b
Des Moines, IA 50309
Telephone: (515) 423-0551
lbullock@bullocklawpllc.com

*Attorneys for Plaintiffs*

**Certification of Service**

A copy of this Motion for Temporary Restraining Order and Preliminary Injunction has been emailed to Defendants on this date and shall be served on the named Defendants in accordance with Plaintiffs' service obligations under Federal Rule of Civil Procedure 4.

June 5, 2026

*/s/ Christine D. Brown*
Christine D. Brown

**Certification Regarding Notice**

I certify that on May 21, 2026, Plaintiffs' counsel emailed Defendants through their counsel, Susan D. Friedfel, regarding Plaintiffs' intention to seek a temporary restraining order and preliminary injunctive relief. On June 2, 2026, Ms. Friedfel informed me that Defendants intend to oppose the present motion and request the option to be heard on this motion.

June 5, 2026

*/s/ Christine D. Brown*
Christine D. Brown